RECEIVED
IN ALEXANDRIA, LA.

APR 29 2013

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **EARL B. YOUNG #105511** | **DOCKET NO. 12-CV-2154; SEC. P** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **NATHAN CAIN, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Earl B. Young filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is presently incarcerated at Allen Correctional Center in Kinder, Louisiana. He was incarcerated at Avoyelles Correctional Center at the time of filing suit. Plaintiff complains that he is being denied adequate medical care in violation of his constitutional rights. He names as defendants Warden Nathan Cain, Dr. McVea, Nurse Stickells, Warden Lynn Cooper, and Warden Gary Gremillion [Doc. #5, p.3]. In his amended complaint, he presents a claim against Dr. Cleveland, as well. Plaintiff seeks injunctive and monetary relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that some – but not all – of Plaintiff's claims be dismissed.

### *Factual Allegations*

Plaintiff alleges that he was examined at the LSU-Shreveport Urology Clinic in September 2011, around which time he was

diagnosed with prostate cancer. Plaintiff weighed only 130 lbs. at the time, which he attributes to his illness and loss of appetite. [Doc. #10, p.1]  An LSU physician prescribed "Boost" nutritional supplement. [Doc. #5, p.3]  Plaintiff states that the supplement drink was prescribed to help him gain weight and "stay healthy." [Doc. #5, p.3]

Plaintiff alleges that AVC refused to provide him with the nutritional supplement.  At the time of filing suit, he weighed only 119 lbs.  [Doc. #10, p.1]   Plaintiff advises that although he was prescribed "double portions" of meals, AVC only provided him with an extra piece of bread.  [Doc. #10, p.2]

### *Law and Analysis*

**I.   Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  [Doc. #8]  As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam).  Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, *or any portion thereof*, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is

immune from such relief.

## II. Injunctive Relief

Plaintiff seeks injunctive relief in the form of (1) a transfer from AVC to Hunt Correctional and (2) an order directing AVC to provide him with nutritional supplements. First, a prisoner has no constitutional right to be housed in a particular facility. Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983). Nonetheless, Plaintiff was actually transferred; he is now housed at Allen Correctional in Kinder, Louisiana. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991). In order for Plaintiff's claim to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at the AVC. See Murphy v. Hunt, 455 U.S. 478, 482 (1982). Plaintiff has made no allegation or submitted any evidence indicating a reasonable likelihood that he would be returned to Avoyelles. Therefore, Plaintiff's claims for injunctive relief should be dismissed.

## II. Eighth Amendment

Plaintiff complains that the doctor at AVC failed to follow the treatment prescribed by an LSU physician to provide him with a nutritional supplement. A doctor's failure to follow the advice of

another doctor suggests nothing more than a difference in medical opinion. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999). Although the AVC physicians Dr. McVea and Dr. Cleveland were not required to follow the treatment recommendation of an outside physician, Plaintiff may still state an independent claim for inadequate medical care under the Eighth Amendment.

In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court held that a convicted prisoner may succeed on a claim for damages under 42 U.S.C. §1983 for inadequate medical care if he demonstrates that there has been "deliberate indifference to serious medical needs" by prison officials or other state actors. The plaintiff must allege deliberate indifference by stating facts that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Plaintiff has alleged that the defendants refused to treat him and/or ignored his complaints to the extent that his weight is down to a mere 119 lbs.

According to his complaint and amended complaints, Dr. McVea and/or Dr. Cleveland refused to provide Plaintiff with nutritional supplements and/or extra portions of meals resulting in a substantial weight loss. Plaintiff does not allege that the other defendants had the authority to independently provide him with or

4

deny him nutritional supplements. He does not present non-conclusory allegations that the other defendants personally and deliberately failed to provide him with sufficient care or ignored his complaints; he has not alleged deliberate indifference by those individuals.

### *Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's ***claim for injunctive relief*** be **DENIED AND DISMISSED**, and that his claims against **Nathan Cain, Lynn Cooper, Ms. Victoria, Jennifer Stickells, Gary Gremillion, and Nurse Denise** also be **DENIED and DISMISSED. Service of process will be ordered on Dr. McVea and Dr. Cleveland** because, according to Plaintiff's complaints, these were the individuals that denied him nutritional supplements and extra food or a special diet.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes**

his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 26th day of April, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE